United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1637

_____

Stephen K. Johns,                              \*
                                               \*
            Appellant,                         \*
                                               \*
    v.                                         \*   On Motion for Reconsideration.[1]
                                               \*
Michael S. Bowersox, Superintendent            \*        [UNPUBLISHED]
of Potosi Correctional Center,                 \*
                                               \*
            Appellee.                          \*

_____

Submitted: September 11, 1997
     Filed:  November 19, 1997

_____

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

By an order dated September 19, 1997 this panel granted Stephen K. Johns a certificate of appealability allowing an appeal from the district court's denial of Johns's petition for a writ of habeas corpus. On October 24, 1997, Johns filed "Supplemental

_____

[1]The state argues that Johns has really filed an untimely petition for rehearing under Rule 40 of the Federal Rules of Appellate Procedure. We think Johns's pleading is more appropriately construed as a motion for reconsideration. See, e.g., Mayard v. Immigration and Naturalization Servs., No. 97-2469, 1997 WL 437048 (8th Cir. Aug. 6, 1997) (denying petitioner's motion for reconsideration).

Suggestions in Support of Certificate of Probable Cause to Appeal," in which he asks us to grant a certificate of probable cause rather than the already-issued certificate of appealability, on the ground that the Antiterrorism and Effective Death Penalty Act (AEDPA), 110 Stat. 1217 (codified at 28 U.S.C. § 2253) does not apply to his case.

Johns's argument has already been foreclosed in this circuit. In Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997), the petitioner argued that the district court's grant of a certificate of appealability rather than a certificate of probable cause constituted a retroactive application of the AEDPA. We rejected this argument on the ground that "[w]hatever changes AEDPA has made with respect to appeals by habeas corpus petitioners are procedural only. . . . [T]he new provisions with respect to certificates of appealability made no substantive change in the standards by which applications for such certificates are governed." Id. at 520-21.

Johns acknowledges Tiedeman, but argues that it is wrongly decided. Such an argument is only properly addressed to the entire court en banc or to the Supreme Court. See United States v. Rodamaker, 56 F.3d 898, 903 (8th Cir. 1995) (panels of this court are bound by the decisions of other panels). In the alternative, Johns attempts to distinguish Tiedeman on the ground that the parties in Tiedeman agreed that the AEDPA worked no substantive changes regarding certificates of appealability. However, the Tiedeman court's ruling was based on an interpretation of the statute, and not the parties' stipulations. Tiedeman, 122 F.3d at 521. Thus, whatever the parties agreed to is simply irrelevant.

The motion for reconsideration is denied.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.